# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| BRENDA KOSSUM a/n/f of | § | |
| DONNIE VINES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-09-0086 |
| | § | |
| COCA-COLA ENTERPRISES, INC. | § | |
| and SHELLY DESCHENEAU, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 12] filed by Plaintiff Brenda Kossum a/n/f of Donnie Vines.[1] Defendants Coca-Cola Enterprises, Inc. ("CCE") and Shelly Descheneau filed a Response [Doc. # 13], and Plaintiff filed a Reply [Doc. # 15]. Based on a review of the full record and the application of governing legal authorities, the Court concludes that Defendants' removal of this case was untimely and remands the case to state court.

## I.    BACKGROUND

Donald Vines, a mentally retarded individual, worked for Defendant CCE for almost 28 years as a warehouseman. In January 2007, Defendant Shelly Descheneau

---

[1]    Also pending is Defendant Shelly Descheneau's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. # 2]. This motion will be remanded to state court with the remainder of the case.

became Vines's supervisor. Vines, through his legally appointed guardian Brenda Kossum, alleges that Descheneau, knowing of Vines's mental retardation, ridiculed him, humiliated him, and provoked him into confrontations. There was a specific incident on June 21, 2007, in which Descheneau apparently told Vines to redo some pallets that he had wrapped. Plaintiff's employment with CCE was terminated on July 31, 2007.

Plaintiff sued CCE and Descheneau in Texas state court in Brazoria County. Plaintiff alleged that CCE discriminated and retaliated against Vines in violation of the Texas Commission on Human Rights Act ("TCHRA"). Against Descheneau, Plaintiff alleged that she intentionally caused him emotional distress. It is undisputed that it was not clear from the Original Petition as filed in Brazoria County that the case was removable.

Defendants filed their Notice of Removal [Doc. # 1] on May 21, 2009. Defendants asserted that it was not until the depositions of Kossum and Vines on April 21 and 22, 2009, that they determined that Descheneau had been improperly joined and the case was removable. Plaintiff filed a timely Motion to Remand,[2]

---

[2] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .." 28 U.S.C. § 1447(c). The Motion to Remand was filed on June 19, 2009, fewer than 30 days after the Notice of Removal was filed on May 21, 2009.

arguing that the Notice of Removal was untimely. The Motion to Remand has been fully briefed and is ripe for decision.

## II. ANALYSIS

Where, as here, the initial pleading does not indicate that the case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable . . .." 28 U.S.C. § 1446(b). The information supporting removal "must be unequivocally clear and certain to start the time limit running for a notice of removal." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). "The removing party bears the burden of showing that . . .removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts or ambiguities regarding removal should be resolved in favor of remand. *See id.*

It is undisputed that there is no federal jurisdiction over this lawsuit if Shelly Descheneau is a proper Defendant. The issue, therefore, is when was the earliest Defendants could have determined that Descheneau was improperly joined and that the case could be removed to federal court.

The only claim against Descheneau is a Texas state law claim for intentional infliction of emotional distress. Under Texas law, an intentional infliction of

emotional distress claim is a "gap-fill[ing]" claim. *See Hoffmann-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447-48 (Tex. 2004). "If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id.* (cited in *Watkins v. Texas Dept. of Crim. Justice*, 269 F. App'x 457, 464-65 (5th Cir. Mar. 12, 2008)). Where there is a statutory remedy, there is "no gap to fill" and no viable claim for intentional infliction of emotional distress. *Cunningham v. Daybreak Therapy, L.P.*, 2007 WL 2694438, *5 (N.D. Tex. Sept. 13, 2007). Consequently, once it is clear and unequivocal that Plaintiff's intentional infliction of emotional distress claim stems from the same facts as the TCHRA claim, the intentional infliction of emotional distress claim fails as a matter of law and there is no viable claim against Descheneau.

Plaintiff argues that the Answers to Interrogatories, attached as Exhibit A to the Motion to Remand, provided sufficient information for Defendants to determine that there was no viable claim against Descheneau and, therefore, that the case was removable.[3] In Answer to Interrogatory No. 7, Plaintiff states repeatedly that her witnesses will testify regarding "the alleged incident Mr. Vines had with Shelly

---

[3] Answers to Interrogatories can serve as the "other paper" for purposes of removal under § 1446(b). *See, e.g., Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999). Defendants do not dispute this issue.

Descheneau on June 21, 2007." Plaintiff asserts that this repeated reference to the incident on June 21, 2007 demonstrates clearly and unequivocally that the basis for the intentional infliction of emotional distress claim is also the factual basis for the TCHRA claim based on discrimination and retaliation.

Defendants argue that the Answer to Interrogatory No. 7 does not demonstrate unequivocally that the case is removable. Defendants argue specifically that the answer is unclear because it also references witnesses' "knowledge of the disparate treatment" Vines received from Descheneau while she was his supervisor. "Disparate treatment" by Descheneau, however, is also a basis for Plaintiff's TCHRA discrimination claim. The Answers to Interrogatories reveal clearly that Plaintiff's intentional infliction of emotional distress claim against Descheneau was based on the same facts as the TCHRA discrimination claim. Therefore, under well-established Texas law, Plaintiff had no viable claim against Descheneau, who was improperly joined. *See Hoffmann-LaRoche*, 144 S.W.3d at 447-48. Because Descheneau's improper joinder was "unequivocally clear and uncertain" as of April 8, 2009, when Plaintiff served her Answers to Interrogatories, the Notice of Removal filed May 21, 2009 was untimely under 28 U.S.C. § 1446(b).

### III. CONCLUSION AND ORDER

Defendants had adequate information from Plaintiff's Answers to Interrogatories to know that Plaintiff had no viable claim against Defendant Shelly Descheneau for intentional infliction of emotional distress. As a result, the case became removable when Defendants received Plaintiff's Answers to Interrogatories on April 8, 2009. The Notice of Removal was not filed until May 21, 2009, more than thirty (30) days thereafter. The removal was untimely, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 12] is **GRANTED**. The case will be remanded by separate order to the 23rd Judicial District Court of Brazoria County, Texas.

SIGNED at Houston, Texas, this 30th day of **June, 2009**.

_____
Nancy F. Atlas
United States District Judge